IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAT FUREY and FAYE FUREY**                                                              **PLAINTIFFS**

**VERSUS**                                                      **CIVIL ACTION NO. 1:06cv56-LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                                   **DEFENDANT**

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

The Court having reviewed this case finds that on June 12, 2006, the Court entered [7] an order allowing counsel for the Plaintiffs to withdraw, and ordering the Plaintiffs, within thirty (30) days to either obtain new counsel or to advise the Court in writing of their intention to proceed *pro se*.  The order expressly warned Plaintiffs that failure to obtain new counsel or advise the court that they were proceeding *pro se* might lead to dismissal of their lawsuit for failure to prosecute.  The thirty-day period expired July 12, 2006.  No attorney has entered an appearance for Plaintiffs, nor have the Plaintiffs advised the Court they intend to proceed *pro se*.

On July 20, 2006, Defendant filed [12] a motion to dismiss the case for want of prosecution.  Plaintiffs filed no response to that motion, and the time for a response has now expired.  On July 24, 2006, the Court entered [13] an order requiring Plaintiffs, within twenty (20) days of the date of the order, to show cause in writing why the case should not be dismissed for their failure to comply with the June 12, 2006 order.  The Plaintiffs were further warned in this order that, "Should Plaintiffs fail to respond to this order, this case shall be dismissed without prejudice for failure to prosecute."  The twenty-day period has now expired without any response to the show cause order being filed by Plaintiffs.

## RECOMMENDATION

Based on the foregoing, it is the opinion of the undersigned that Plaintiffs' failure to comply with the June 12, 2006 and July 24, 2006 orders of this Court indicates a lack of interest in pursuing this matter.  Accordingly, the United States Magistrate Judge recommends that [12] the motion to dismiss for want of prosecution be granted, and this case be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 17th day of August, 2006.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE